E-FILED
Monday, 19 October, 2026 02:37:36 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CENTRAL LABORERS' PENSION FUND, NORTHERN ILLINOIS & IOWA WELFARE FUND, NORTHERN ILLINOIS ANNUITY FUND, ILLINOIS LABORERS' & CONTRACTORS TRAINING PROGRAM, NORTH CENTRAL ILLINOIS LABORERS' & EMPLOYERS COOPERATIVE EDUCATION TRUST, NORTHERN ILLINOIS & IOWA LABORERS' POLITICAL LEAGUE, NORTH CENTRAL ILLINOIS LABORERS' BUILDING FUND, NORTH CENTRAL ILLINOIS LABORERS' WORKING DUES, MIDWEST REGION FOR FAIR CONTRACTING, QUAD-CITY CONSTRUCTION INDUSTRY ADVANCEMENT TRUST, and LABORERS' LOCAL UNION NO. 309 | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 26-3363 |
| K & D CUTTING & CORING, INC. | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COME Plaintiffs, CENTRAL LABORERS' PENSION FUND *et al.*, by and through their attorneys, CAVANAGH & O'HARA LLP, and for their Complaint against Defendant, K & D CUTTING & CORING, INC., allege as follows:

## Nature of Action

1. This is a civil action brought under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"), and the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 141 et seq. ("LMRA"), to compel Defendant to submit to

an audit of its books and records; to collect any delinquent contributions determined by the audit to be due and owing to Plaintiffs; and to recover liquidated damages, interest, audit costs, attorneys' fees and costs, and all other amounts and relief to which Plaintiffs are entitled under the applicable collective bargaining agreements, trust agreements, ERISA, and the LMRA.

## Jurisdiction

2. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

3. This Court further has subject-matter jurisdiction over this action pursuant to Sections 502(e)(1) and (f) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(e)(1) and (f), because this action is brought under ERISA to enforce obligations imposed by ERISA and the terms of the governing plan documents and agreements.

4. This Court also has subject-matter jurisdiction over this action pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), because this action seeks to enforce obligations arising under collective bargaining agreements between an employer and labor organizations representing employees in an industry affecting commerce.

## Venue

5. Venue is proper in this judicial district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), which provides that an action under Title I of ERISA may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found.

6. Venue is also proper in this judicial district pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a), which provides that an action for violation of a contract between an

employer and a labor organization representing employees in an industry affecting commerce may be brought in any district court having jurisdiction of the parties.

7. Venue is proper in the Central District of Illinois because Plaintiff Central Laborers' Pension Fund is an employee benefit plan administered in Jacksonville, Illinois, within the Central District of Illinois, Springfield Division.

**Parties**

8. Plaintiff Central Laborers' Pension Fund (the "Pension Fund") is a multiemployer employee pension benefit plan within the meaning of ERISA, 29 U.S.C. § 1002(37), that provides retirement and related benefits to eligible employees of participating employers. Participating employers are required, pursuant to applicable collective bargaining agreements and related agreements, to make contributions to the Pension Fund on behalf of covered employees.

9. Plaintiffs Northern Illinois & Iowa Welfare Fund, Northern Illinois Annuity Fund, Illinois Laborers' & Contractors Training Program, North Central Illinois Laborers' & Employers Cooperative Education Trust, Northern Illinois & Iowa Laborers' Political League, North Central Illinois Laborers' Building Fund, North Central Illinois Laborers' Working Dues, Midwest Region For Fair Contracting, and Quad-City Construction Industry Advancement Trust are employee benefit plans, labor-management committees, labor organizations, trusts, funds, and/or other entities established or maintained pursuant to applicable collective bargaining agreements and related agreements. Contributions and other amounts due to these Plaintiffs from participating employers are collected through the Pension Fund in connection with payroll compliance audits.

10. Plaintiff Laborers' Local 309 ("Laborers' Local 309") is a labor organization affiliated with the Laborers' International Union of North America ("LIUNA") and represents employees covered by applicable collective bargaining agreements requiring contributions and

other payments to one or more of the Plaintiffs.

11. The Pension Fund and the other Plaintiff funds, plans, trusts, organizations, committees, and entities are collectively referred to herein as "Plaintiffs."

12. Defendant K & D Cutting & Coring, Inc. is an Iowa corporation that conducts business in Illinois. According to the records of the Iowa Secretary of State, Defendant's principal office is located at 2916 117th Avenue West, Milan, Illinois

**Factual Allegations**

13. The Pension Fund is established and administered pursuant to the terms and provisions of an Agreement and Declaration of Trust, as amended and restated from time to time (the "Trust Agreement").

14. A copy of the pertinent provisions of the Trust Agreement is attached hereto as Exhibit A and incorporated herein by reference.

15. Copies of pertinent provisions of the trust agreements and other governing documents applicable to certain other named Plaintiffs are attached hereto as Exhibit B and incorporated herein by reference (collectively and with the Trust Agreement, the "Trust Agreements").

16. The Pension Fund serves as a point of receipt for contributions and related amounts owed to the other Plaintiffs under applicable collective bargaining agreements and related agreements, including working dues owed to Laborers' Local 309, and is authorized to collect employer contributions and other amounts owed to the Plaintiffs in connection with payroll compliance audits.

17. Defendant is an employer within the meaning of ERISA, including 29 U.S.C. § 1002(5), and is engaged in an industry affecting commerce within the meaning of the LMRA.

18. Defendant is a party to, or otherwise bound by, (1) building construction collective bargaining agreement titled "Agreement between Quad-City Builders Association, Inc. and Laborers' International Union of North America Laborers' Local Union No. 309 affiliated with Great Plains Laborers' District Council", and effective June 1, 2016 through April 30, 2021, together with each successor collective bargaining agreement, including, without limitation, the collective bargaining agreement effective May 1, 2022 through April 30, 2027, and all applicable amendments, addenda, and wage and fringe benefit schedules; and (2) and a heavy highway construction collective bargaining agreement titled "Articles of Agreement between the Associated Contractors of Quad-Cities and Local Union No. 309 Laborers' International Union of North America", and effective January 1, 2016 through December 31, 2018, together with each successor collective bargaining agreement, including, without limitation, the collective bargaining agreements effective January 1, 2022 through December 31, 2024 and January 1, 2025 through December 31, 2027, and all applicable amendments, addenda, and wage and fringe benefit schedules (collectively, the "Collective Bargaining Agreements").

19. The Collective Bargaining Agreements were in effect and binding upon Defendant during all periods relevant to this action.

20. The Defendant has not effectively terminated the Collective Bargaining Agreements in accordance with their terms.

21. Copies of the Collective Bargaining Agreements are attached hereto as Exhibit C and incorporated herein by reference.

22. Defendant has employed individuals represented by Laborers' Local 309 who have performed work covered by the Collective Bargaining Agreements ("Covered Work").

23. Pursuant to the Collective Bargaining Agreements, Defendant is obligated to make

contributions and other required payments to the Plaintiffs for Covered Work performed by its employees.

24. Pursuant to the Collective Bargaining Agreements, Defendant is bound by the Trust Agreement and other trust agreements and governing documents applicable to the Plaintiffs.

25. The Collective Bargaining Agreements and applicable trust agreements require Defendant to pay contributions to the Plaintiffs based upon hours of Covered Work performed by its employees.

26. The Collective Bargaining Agreements further require Defendant to remit working dues and other amounts required thereunder based upon Covered Work performed and wages earned by its employees.

27. Pursuant to Section 515 of ERISA, 29 U.S.C. § 1145, Defendant is required to make contributions to the Plaintiff multiemployer plans in accordance with the terms and conditions of the Collective Bargaining Agreements and the applicable trust agreements.

28. Defendant is required to prepare and submit monthly contribution reports identifying the information necessary to determine the contributions and other amounts due and owing to the Plaintiffs ("Monthly Reports").

29. Defendant is required to submit the Monthly Reports, together with all required contributions and other payments, on or before the 15th day of the calendar month following the month in which the contributions and other amounts accrued.

30. Defendant is delinquent if the required Monthly Reports and corresponding payments are not timely received in accordance with the Collective Bargaining Agreements and applicable trust agreements.

31. If Defendant fails to pay contributions within fifteen (15) days after the date on

which they are originally due, Defendant is liable, in addition to the delinquent contributions, liquidated damages in the amount of ten percent (10%) of the delinquent contributions or Twenty-Five Dollars ($25.00), whichever is greater.

**COUNT I**
**FAILURE TO SUBMIT TO AUDIT**

1-31. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 31 of this Complaint as though fully set forth herein.

32. Pursuant to the Collective Bargaining Agreements and applicable trust agreements, Plaintiffs are entitled to examine and audit Defendant's payroll, employment, and related books and records necessary to determine whether Defendant has accurately reported Covered Work and paid all contributions and other amounts required under the governing agreements.

33. Plaintiffs exercised their audit rights and requested that Defendant produce and make available the payroll, employment, and related records necessary for Plaintiffs' auditor to conduct and complete an audit of Defendant's compliance with its reporting and payment obligations for the period of April 1, 2023 to current.

34. Despite Plaintiffs' requests and demands, Defendant has refused or otherwise failed to schedule the audit or produce all payroll, employment, and related records necessary for Plaintiffs' auditor to complete the audit.

35. Defendant's failure to cooperate fully with the audit and to produce the records required to complete the audit constitutes a breach of its obligations under the Collective Bargaining Agreements and applicable trust agreements and violates obligations enforceable under ERISA and the LMRA.

36. As a result of Defendant's failure to comply with its audit obligations, Plaintiffs are

entitled to an order requiring Defendant to produce all records necessary to complete the audit and to cooperate fully with Plaintiffs and their auditor in the completion of the audit.

37. Pursuant to the Trust Agreement and other applicable trust agreements, Defendant is liable for Plaintiffs' reasonable attorneys' fees and costs incurred in enforcing Defendant's audit obligations.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendant and:

A. Order Defendant to produce and make available to Plaintiffs and their auditor all payroll, employment, and related books and records necessary to conduct and complete the audit for the period of April 1, 2023 to current;

B. Order Defendant to cooperate fully with Plaintiffs and their auditor in the conduct and completion of the audit;

C. Award Plaintiffs their reasonable attorneys' fees and costs incurred in enforcing Defendant's audit obligations, together with any audit costs and other expenses recoverable under the applicable trust agreements and applicable federal law; and

D. Grant Plaintiffs such other and further legal or equitable relief as the Court deems just and appropriate.

## COUNT II
## DELINQUENT CONTRIBUTIONS AND OTHER AMOUNTS

1-31. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 31 of this Complaint as though fully set forth herein.

32. Pursuant to the Collective Bargaining Agreements and applicable trust agreements, Defendant is required to accurately report all Covered Work and timely pay all contributions,

working dues, and other amounts required thereunder.

33. Plaintiffs have requested an audit of Defendant's payroll and employment records to determine whether Defendant has complied with its obligations under the Collective Bargaining Agreements to timely report hours and pay contributions to the Plaintiffs.

34. Because Defendant has failed to provide all records necessary to complete the audit, Plaintiffs are presently unable to determine the full amount of contributions and other amounts, if any, that Defendant has failed to report or pay.

35. To the extent the audit establishes that Defendant failed to report Covered Work or failed to pay contributions, working dues, or other amounts required under the Collective Bargaining Agreements and applicable trust agreements, Defendant is liable to Plaintiffs for all such unpaid contributions and other amounts.

36. Defendant is further liable, to the extent applicable, for interest, liquidated damages, audit costs, reasonable attorneys' fees and costs, and other amounts recoverable from Defendant under the Collective Bargaining Agreements, applicable trust agreements, ERISA, the LMRA, and applicable federal law.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendant and:

A. Grant Plaintiffs leave to submit supplemental proofs establishing the contributions and other amounts determined by the audit to be due and owing;

B. Enter judgment against Defendant for all unpaid contributions, working dues, and other amounts determined by the audit or otherwise to be due and owing to Plaintiffs;

C. Award Plaintiffs all applicable interest, liquidated damages, audit costs, reasonable attorneys' fees and costs, and other amounts recoverable under the Collective Bargaining

Agreements, applicable trust agreements, ERISA, the LMRA, and applicable federal law; and

D. Grant Plaintiffs such other and further legal or equitable relief as the Court deems just and appropriate.

**COUNT III**
**LIQUIDATED DAMAGES ON LATE-PAID CONTRIBUTIONS**

1-31. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 31 of this Complaint as though fully set forth herein.

32. Defendant failed to timely remit Monthly Reports and pay contributions and other amounts owed to Plaintiffs for the months of January, February, March, April, June and July of 2025.

33. Defendant subsequently paid delinquent contributions and other amounts owed to Plaintiffs for these months but did not make those payments within fifteen (15) days from the date they were originally due.

34. Defendant's failure to timely pay the required contributions for these months constituted a breach of its obligations under the Collective Bargaining Agreements and applicable trust agreements.

35. Pursuant to the Trust Agreement, Defendant is liable for liquidated damages on delinquent contributions in an amount equal to ten percent (10%) of the delinquent contributions or $25.00, whichever is greater.

36. On September 26, 2025, Defendant paid contributions for January of 2025 in the amount of $1,584.00 for building construction and in the amount of $2,112.00 for heavy highway construction.

37. On September 26, 2025, Defendant paid contributions for February of 2025 in the

amount of $1,267.20 for building construction and in the amount of $1,689.60 for heavy highway construction.

38. On November 11, 2025, Defendant paid contributions for March of 2025 in the amount of $1,267.20 for building construction and in the amount of $1,689.60 for heavy highway construction.

39. On November 11, 2025, Defendant paid contributions for April of 2025 in the amount of $1,689.60 for heavy highway construction and on November 17, 2025, Defendant paid contributions for April of 2025 in the amount of $1,267.20 for building construction.

40. On November 17, 2025, Defendant paid contributions for June of 2025 in the amount of $1,267.20 for building construction and in the amount of $1,689.60 for heavy highway construction.

41. On November 17, 2025, Defendant paid contributions for July of 2025 in the amount of $1,267.20 for building construction and in the amount of $1,689.60 for heavy highway construction.

42. The resulting calculation of liquidated damages at ten percent (10%) of the delinquent contributions for each of these months exceeds $25.00, and therefore, Defendant is liable for liquidated damages on delinquent contributions for these months in an amount equal to ten percent (10%) of the delinquent contributions.

43. As a result of Defendant's delinquent payments, Defendant owes Plaintiffs liquidated damages in the total amount of $1,848.00.

44. A summary of the delinquent payments and resulting liquidated damages, together with supporting documentation, is attached hereto as Exhibit D and incorporated herein by reference.

45. Despite demand for payment, Defendant has failed and refused to pay the $1,848.00 in liquidated damages due and owing to Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendant and:

A. Enter judgment against Defendant in the amount of $1,848.00 for liquidated damages due and owing as a result of Defendant's delinquent payment of contributions;

B. Award Plaintiffs their reasonable attorneys' fees and costs incurred in enforcing Defendant's obligations; and

C. Grant Plaintiffs such other and further legal or equitable relief as the Court deems just and appropriate.

CENTRAL LABORERS' PENSION FUND *et al.*
Plaintiffs,

By: s/ John P. Leahy

JOHN P. LEAHY
CAVANAGH & O'HARA LLP
Attorneys for Plaintiffs
2319 W. Jefferson Street
Springfield, IL 62702
(217) 544-1771 – Telephone
(217) 544-9894 – Facsimile
johnleahy@cavanagh-ohara.com